NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL LOUIS OVERTON, | ) | No. C 08-04272 JF (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL |
| vs. | ) ) | |
| DR. DOE, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a California prisoner proceeding <u>pro se</u>, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed <u>in forma pauperis</u> (Docket No. 8) will be addressed in a separate order. The Court will dismiss the complaint for the reasons stated below.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon

which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff alleges that doctors at Highland Hospital in Oakland, California, failed in their duty of care to provide medical treatment to Mrs. Overton "who was intentionally shot in the leg and died of shock and bleeding by her estranged husband." (Compl. 3.) Plaintiff seeks monetary relief.

A person acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Atkins, 487 U.S. at 49 (citation and internal quotation marks omitted). A private individual generally does not act under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974). Simply put: there is no right to be free from the infliction of constitutional deprivations by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). Action taken by private individuals or organizations may be under color of state law "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 121 S. Ct. 924, 930 (2001) (internal quotation marks omitted). The Supreme Court has found state action when a challenged activity results from the state's exercise of coercive power; when the state provides significant encouragement for the activity; or when a private actor operates as a willful participant in joint activity with the state. See id. at 930.

Plaintiff has made no allegations to suggest that these private doctors were acting under color of state law. Furthermore, there is no allegation of State participation

1  whatsoever to suggest that the private behavior may be fairly treated as that of the State
2  itself. Accordingly, this action is DISMISSED for failure to state a claim upon which
3  relief may be granted under § 1983.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

DATED: 3/10/09

JEREMY FOGEL
United States District Judge